1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   TROY JUNELL GACHETT,                    No.  2:16-cv-2416 AC P

12              Plaintiff,

13        v.                                 ORDER

14   CALIFORNIA CORRECTIONAL
     HEALTH CARE SERVICES,
15
                Defendant.
16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes

20   pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 9.

21        I.        Application to Proceed In Forma Pauperis

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  ECF Nos. 2, 8.  However, the court will not assess a filing fee at this time.  Instead, the

24   complaint will be summarily dismissed.

25        II.       Statutory Screening of Prisoner Complaints

26        The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6   meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

7   885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

8   on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

9   U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

10  has an arguable legal and factual basis.  Id.

11       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

12  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

13  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

14  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

16  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

18  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

19  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

20  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

21  ed. 2004)).

22       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

23  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

24  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

27  under this standard, the court must accept as true the allegations of the complaint in question,

28  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

1   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

2   McKeithen, 395 U.S. 411, 421 (1969).

3       III.    Complaint

4         Plaintiff alleges that he was sent a Notice of Data Breach on May 17, 2016, that advised

5   him that a breach occurred on February 25, 2016, when an unencrypted laptop was stolen from a

6   personal vehicle.  ECF No. 1 at 3.  He goes onto allege that the letter stated that the records at

7   issue "if any" were his "incarceration records dated between 1996 and 2014" and that he is at risk

8   for identity theft.  Id.  Plaintiff alleges that this potential breach constituted negligence on the part

9   of California Correctional Health Care Services (CCHCS).  Id.

10       IV.    Standing

11         As a threshold matter, plaintiff has failed to name a proper defendant.  He has only named

12   CCHCS, which is a state agency and therefore not a person under § 1983.  Will v. Mich. Dept. of

13   State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official

14   capacities are 'persons' under § 1983.").  Assuming that plaintiff could substitute an appropriate

15   individual as defendant, the speculative allegations of the complaint still fail to establish that

16   plaintiff has standing because he cannot show an injury-in-fact.

17         "[F]ederal courts are required sua sponte to examine jurisdictional issues such as

18   standing."  B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999).  The Article

19   III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring

20   that plaintiffs have standing.  Valley Forge Christian Coll. v. Ams. United for Separation of

21   Church and State, Inc., 454 U.S. 464, 471 (1982).  To have Article III standing, a plaintiff must

22   plead and prove that he has suffered sufficient injury to satisfy the "case or controversy"

23   requirement of Article III of the United States Constitution.  Clapper v. Amnesty Int'l USA, 133

24   S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs

25   'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818

26   (1997))).  To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is

27   concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to

28   the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.

1   Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.

2   Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction

3   bears the burden of establishing these elements . . . with the manner and degree of evidence

4   required at the successive stages of the litigation."  Lujan, 504 U.S. at 561 (citations omitted).

5          To the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance

6   Portability and Accountability Act of 1996 (HIPAA), which requires the confidentiality of

7   medical records, "HIPAA itself does not provide for a private right of action."  Webb v. Smart

8   Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of

9   Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to

10  be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court

11  action.")).  However, the Ninth Circuit has held that the constitutional right to informational

12  privacy extends to medical information.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d

13  1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure

14  of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe

15  v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)).  In this case, however,

16  the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative.

17         Although plaintiff has not attached a copy of the letter provided to him, a number of

18  lawsuits have been filed in this district making the same allegations of a data breach that plaintiff

19  makes in the instant case.  The notification of the potential breach was provided as an attachment

20  in many of those actions and read as follows:

21                  We do not know if any sensitive information was contained in the
                    laptop.  To the extent any sensitive information may have been
22                  contained in the laptop, we do not know if the information included
                    any of your information.  If your information was included, the
23                  nature of the information may have included confidential medical,
                    mental health, and custodial information.  To the extent any
24                  sensitive information may have been contained in the laptop, we
                    estimate that it would have been limited to information related to
25                  your custody and care, if any, between 1996 and 2014.
26

27  Seastrunk v. Cal. Corr. Health Servs., 2:16-cv-1424 AC P, 2016 WL 3549623, at *2, 2016 U.S.

28  Dist. LEXIS 85685, at *3-4 (E.D. Cal. June 30, 2016) (quoting notice of potential breach);

1    Compton v. Cal. Corr. Health Care Servs., 2:16-cv-1606 AC P, 2016 WL 3916320, at *2, 2016

2    U.S. Dist. LEXIS 94773, at *3-4 (E.D. Cal. July 20, 2016); Gonzalez v. Matolon, 2:16-cv-1281

3    MCE KJN P, 2016 WL 7178519, at *2, 2016 U.S. Dist. LEXIS 170937, at *4 (E.D. Cal. Dec. 9,

4    2016).  The notification mirrors plaintiff's allegations that his sensitive information was only

5    potentially subject to a breach due to the theft of the laptop and further demonstrates the

6    speculative nature of plaintiff's claims.

7         While potential future harm can in some instances confer standing, plaintiff must face "a

8    credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."

9    Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation

10   marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to

11   contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to

12   confer standing, but that "more conjectural or hypothetical" allegations would make threat "far

13   less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must

14   be concrete, particularized, and actual or imminent.") (citation and internal quotation marks

15   omitted).  Plaintiff's allegations are based upon a notification which states that his information

16   may have been contained on the laptop and that he may be at risk for identity theft.  ECF No. 1 at

17   3.  In other words, whether plaintiff's sensitive information has even been compromised is

18   unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his

19   sensitive information, and his claim for violation of his constitutional right to informational

20   privacy will therefore be dismissed without prejudice for lack of standing.  See Fleck & Assoc.,

21   Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is

22   without prejudice).

23        V.    State Law Claims

24        The complaint also alleges negligence on the part of CCHCS.  Because plaintiff has failed

25   to state a cognizable claim for relief under federal law, this court declines to exercise

26   supplemental jurisdiction over plaintiff's putative state law claim.[1]  Carnegie-Mellon Univ. v.

27   _____

28   [1]  The court takes no position on whether plaintiff would be able to successfully pursue his claim
     in state court.

1 | Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts

2 | should usually decline to exercise supplemental jurisdiction).

3 | VI.    No Leave to Amend

4 | If the court finds that a complaint should be dismissed for failure to state a claim, the court

5 | has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-

6 | 30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

7 | defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

8 | also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

9 | leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

10 | clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

11 | Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

12 | that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

13 | Cato, 70 F.3d at 1005-06.

14 | The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment

15 | would be futile because the notification plaintiff bases his allegations on establishes only

16 | speculative injury that is neither real nor immediate.  Because plaintiff lacks standing to pursue

17 | his federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's state

18 | law claims and will dismiss the complaint in its entirety.

19 | VII.    Summary

20 | The complaint will be dismissed without prejudice because the facts show only that

21 | plaintiff's sensitive information might have been stolen, and the letter plaintiff relies on

22 | establishes that he will not be able to show that his information was actually stolen because it is

23 | not known what was on the laptop.  Plaintiff's injury is therefore too speculative to support a

24 | claim.  Because plaintiff's federal claims are being dismissed, the court will decline jurisdiction

25 | of the state law claims and dismiss them.

26 | ////

27 | ////

28 | ////

1        In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed

2    without prejudice.

3    DATED: January 3, 2017

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28